UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM A. SMITH,<br><br>　　　　Defendant. | Case: 2:24−cr−20532<br>Assigned To : Parker, Linda V.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 9/24/2024<br>Description: INFO USA V. SMITH (DJ)<br><br>Vio:　18 U.S.C. § 1343<br><br>　　　18 U.S.C. § 1956 (a)(1)(B)(i) |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

　　1.　The Detroit Riverfront Conservancy, Inc. (the Conservancy) was a nonprofit corporation exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. The Conservancy's mission was to develop the Detroit international riverfront into a safe and accessible gathering place for the community's residents and visitors. The Conservancy was funded by both public grants and private donations.

　　2.　WILLIAM A. SMITH was the Chief Financial Officer of the Conservancy.

3. The Joseph Group & Associates, LLC was a Michigan limited liability corporation owned and controlled by WILLIAM A. SMITH.

4. William Smith & Associates, LLC was a Michigan Limited Liability Corporation owned and controlled by WILLIAM A. SMITH.

5. First Round Management, LLC was a Michigan Limited Liability Corporation owned and controlled by WILLIAM A. SMITH.

6. Comerica Bank was a financial services company headquartered in Dallas, Texas. Among the services Comerica Bank provided were depository bank accounts for commercial entities.

7. Citizen's Bank was a financial services company headquartered in Providence, Rhode Island. Among the services Citizen's Bank provided were depository bank accounts for commercial entities, loans, and lines of credit for such entities.

8. American Express is a financial services company headquartered in New York New York. American Express, among other things, specialized in issuing credit cards for both individual and corporate use.

9. The Conservancy maintained depository accounts at both Comerica Bank and Citizen's Bank.

10. As Chief Financial Officer of the organization, WILLIAM A. SMITH had electronic access to the Conservancy's depository accounts at both Comerica Bank and Citizen's Bank.

### COUNT ONE
18 U.S.C. § 1343
*Wire Fraud*

11. Paragraphs 1 through 10 of this Information are realleged and incorporated by reference as though fully set forth herein.

12. From in or about November 2012 through in or about May 2024, in Wayne County, in the Eastern District of Michigan, and elsewhere, defendant WILLIAM A. SMITH knowingly devised and executed a scheme and artifice to defraud and to obtain money and property from the Conservancy by means of materially false and fraudulent pretenses, representations and promises.

**Manner and Means**

13. The manner and means by which WILLIAM A. SMITH accomplished his scheme to defraud are as follows:

14. WILLIAM A. SMITH routinely and without authorization transferred Conservancy funds from the Conservancy's Comerica Bank account to a bank account in the name of The Joseph Group & Associates, LLC. The Joseph Group & Associates, LLC was not an approved vendor for the Conservancy and provided no services whatsoever to the Conservancy.

15. After transferring Conservancy Funds to a bank account maintained by The Joseph Group & Associates, LLC., WILLIAM A. SMITH transferred the funds from that account to accounts held by other entities he owned and controlled, including First Round Management, LLC. WILLIAM A. SMITH used the embezzled funds to purchase real estate, and otherwise support his personal and business interests.

16. WILLIAM A. SMITH maintained an American Express account in the name of William A. Smith and Associates, LLC. Four credit cards were issued on this account, which were in the names WILLIAM A. SMITH and three members of his family.

17. WILLIAM A. SMITH and his family members used the American Express credit cards for a variety of personal expenditures, including purchases of furniture, clothing, designer handbags, lawn care, airline tickets, entertainment, and other consumer goods and services.

18. WILLIAM A. SMITH routinely used Conservancy funds to pay off American Express charges he and his family incurred. Typically, WILLIAM A. SMITH did this by initiating wire transfers from the Conservancy's account at Comerica Bank to American Express to pay off these credit card balances. None of these expenditures were authorized by the Conservancy.

19. WILLIAM A. SMITH and his family members incurred approximately $15.6 million in American Express charges between November 2012 and May 2024. WILLIAM A. SMITH used approximately $14.9 million in Conservancy funds to pay off these charges during the same time period.

20. WILLIAM A. SMITH also used Conservancy funds to purchase cashier's checks from various financial institutions. These cashier's check purchases were unauthorized, and Smith used the cashier's checks for his own purposes without the knowledge or approval of the Conservancy's Board of Directors.

21. WILLIAM A. SMITH covered up and sustained his fraudulent scheme by falsifying bank statements that he provided to the Conservancy's bookkeeper, altering or deleting unauthorized transfers on the statements in order to keep them off of the Conservancy's books.

22. WILLIAM A. SMITH covered up and sustained his fraudulent scheme by taking out a line of credit with Citizen's Bank on behalf of the Conservancy. WILLIAM A. SMITH claimed to be acting with the authorization of the Conservancy's Board of Directors in taking out this line of credit, but in fact, he had no such authority. WILLIAM A. SMITH used the funds from this line of credit (which eventually totaled $5 million) to infuse monies into the Conservancy's bank accounts to help cover up his substantial embezzlement from those accounts.

23. For the purpose of executing his scheme to defraud, WILLIAM A. SMITH routinely transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, such as through his online payments of his American Express charges using the Conservancy's Comerica Bank accounts.

All in violation of 18 U.S.C. § 1343.

## COUNT TWO
18 U.S.C. § 1956(a)(1)(B)(i)
*Laundering of Monetary Instruments*

24. On or about September 24, 2021, in the Eastern District of Michigan and elsewhere, the defendant, WILLIAM A. SMITH, knowing that the property involved represented the proceeds of unlawful activity, did cause to be conducted a financial transaction affecting interstate and foreign commerce which involved the proceeds of said unlawful activity, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of wire fraud, specifically, through initiating the transfer of $65,000 in funds embezzled from the Conservancy from a bank account held by The Joseph Group & Associates, LLC. to an account held by First Round Management, LLC.

All in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

## FORFEITURE ALLEGATIONS

### (18 U.S.C. § 981 and 28 U.S.C. § 2461; 18 U.S.C. § 982)

25. The allegations contained in Counts 1 and 2 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461 (for Count 1) and pursuant to Title 18, United States Code, Sections 982(a)(1) (for Count 2).

26. Upon conviction of the offenses charged in Count 1, in violation of Title 18, United States Code, Section 1343, defendant shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to the offense(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

27. Upon conviction of the offense charged in Count 2, in violation of Title 18, United States Code, Section 1956, defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

28. <u>Money Judgment</u>: Upon conviction of violating Title 18, United States Code, Section 1343, defendant shall be ordered to pay the United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violation. And upon conviction of violating Title 18, United States Code, Section

1956, defendant shall be ordered to pay the United States a sum of money equal to the total amount involved in such offense.

29. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

DAWN N. ISON  
United States Attorney

s/ *John K. Neal*  
John K. Neal  
Assistant United States Attorney  
Chief, Public Corruption & Civil Rights Unit

s/ *Robert A. Moran*  
Robert A. Moran  
Assistant United States Attorney

Dated: September 24, 2024

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 24-CV-11626 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** F. Kay Behm |
| ☒ Yes     ☐ No | **AUSA's Initials:** RAM |

**Case Title:** USA v. William A. Smith

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony     ☐ Misdemeanor     ☐ Petty

     ____Indictment/____Information --- **no** prior complaint.
     ____Indictment/ ✓ Information --- based upon prior complaint [Case number: 24-mj-30217     ]
     ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

September 24, 2024
Date

*s/ Robert A. Moran*
Robert A. Moran
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9553
E-Mail address: robert.moran@usdoj.gov
Attorney Bar #: P46346

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.