UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,           Case No. 24-cr-20532
                                    Honorable Susan K. DeClercq

vs.

William A. Smith,

        Defendant.

**Reply in Support of the Government's Partial Consent Application
for Entry of a Preliminary Order of Forfeiture**

The Government asks the Court to enter a stipulated forfeiture order recently negotiated by the parties, and to deny without prejudice Defendant's request for sealed, *ex parte* proceedings on attorney fees.

\*   \*   \*

Defendant's response did not dispute most of the relief requested. ECF 30. Even as to the two retirement accounts, Defendant's only objection to forfeiture was a request—without proper procedure or authority—for a sealed, *ex parte* process to decide a hypothetical motion for payment of attorney fees. With sentencing approaching quickly on April 24th, and that date endangered by another round of briefing requested by Defendant, the Government worked with Defendant

to reach a stipulated forfeiture order—submitted today via ECF Utilities—that would not delay sentencing.

The Court should enter the forfeiture order requested. On most of the forfeiture issues, it will allow finality as to the defendant at sentencing as the law requires. *See e.g.* Fed. R. Crim. P. 32.2(b)(2) ("Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant…"). As to the retirement accounts, the stipulation is only a general order of forfeiture as contemplated by Rule 32.2(c), reserving final judgment as to the specific amount of the retirement funds to be forfeited pending the Court's decision on attorney fees. Notwithstanding this concession to scheduling issues, the Government is still seeking forfeiture of the retirement accounts in full.

With forfeiture otherwise resolved, the Court should deny Defendant's current request to conduct sealed, *ex parte* proceedings. His request does not satisfy the law, which favors public proceedings.

**Applicable Law**: "The courts have long recognized … a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.*

The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that reason." *Id.* "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal citation and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

This law is reflected is reflected in the procedures governing sealing. *See* Fed. R. Civ. P. 5.2(d); E.D. Mich. LR 5.3(b).[1]  Here, Defendant has not complied with those procedures.

---

[1] Local Rule 5.3 applies "to criminal actions as provided in LR 1.1(c)." E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c).

**Analysis:** Instead of filing "a motion to authorize sealing" as Local Rule 5.3(b)(2) requires, Defendant has asked for sealing in response to the Government's application for a forfeiture order.  ECF 30.  And because he has not filed a motion, Defendant has not provided the level of detail that would allow the Court to adequately assess whether his request is "narrowly tailored to seek sealing in accord with applicable law."  *See* Local Rule 5.3(b)(2-3).  Instead of the required "index of exhibits" with accompanying analysis, *id*., Defendant simply states that the Government and public "should not be privy to Mr. Smith's attorney's bills, work product, or otherwise privileged information." ECF 30 at ¶¶ 9-10.  In preparation for this reply, the Government asked whether Defendant was willing to reveal any portion of his request—including basic information like the total amount sought, and the number of hours billed—but Defendant has not yet conveyed a decision on that point.  Although Defendant has sought and was denied Government consent to seal attorney fee litigation, the level of detail in these conferrals has not yet satisfied the Court's expectation that litigants "confer in detail" before making a sealing request, to clarify the scope of the dispute.  Local Rule 5.3(b), Comments to 2018 Revisions; Local Rule 7.1(a).

This dispute requires a motion.

The Court and the Government are equally unable, on this record, to "analyze in detail, document by document, the propriety of secrecy" as the law requires. *Shane Grp., Inc.* 825 F.3d at 305–06.

A peak at the merits suggests the same conclusion.

The Sixth Circuit has cautioned that "[t]he policy considerations [governing sealing and open courts] apply to civil as well as criminal cases. The resolution of private disputes frequently involves issues and remedies affecting third parties or the general public." *Brown & Williamson Tobacco Corp*, 710 F.2d at 1179. Third parties and the public are particularly affected here, where the primary victim is a prominent nonprofit responsible for the City of Detroit's award-winning waterfront, and that victim has formally intervened as a party in the civil case that froze the assets in question. Smith embezzled over $45 million, spent the vast majority of it, and is now seeking to use some or all of his largest financial account to pay his lawyers instead of his forfeiture and restitution obligations. The public and private interests that favor open resolution of that dispute are weighty indeed.

On the other side of the coin, Defendant invokes his desire to protect privileged information and references a case that invoked Fifth and Sixth Amendment rights. *See SEC v. McGinn*, No. 10-CV-457 (GLS/DRH), 2012 U.S. Dist. LEXIS 47639, at *20 (N.D.N.Y. Apr. 4, 2012). These are weighty rights in the abstract. But the Court needs a detailed analysis of what compelling reasons

5

require sealing or *ex parte* review of which specific materials—not a general reference to potential authority. *State Farm Mut. Auto. Ins. Co. v. Angelo*, No. 19-10669, 2024 U.S. Dist. LEXIS 3724, at *3 (E.D. Mich. Jan. 8, 2024) (Edmunds, J.) (denying a motion to seal attorney rate information as "vague" and "non-compelling as compared to the 'strong presumption in favor of openness' of court records.") (citation omitted).

Accordingly, the request to seal should be denied without prejudice.

\*　\*　\*

The Government asks the Court to grant the Application, enter the stipulated forfeiture order, and deny Defendant's request for sealed, *ex parte* proceedings on attorney fees.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: April 3, 2025

## Certification of Service

I hereby certify that on April 3, 2025, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov
